IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARIUS AYDANIAN ) | |
| ) | |
| Plaintiff, ) | CIVIL NO. |
| ) | |
| SHERIFF DOUG CARTER, ) | |
| CHIEF MICHAEL FOGARTY, ) | |
| SERGEANT JOHN MCALLISTER, ) | 1:07-cv-1086-RLY-TAB |
| OFFICER TRENT MCINTYRE, ) | |
| AND OTHER UNKNOWN OFFICERS ) | |
| AND PERSONNEL OF THE ) | |
| HAMILTON COUNTY SHERIFF'S ) | |
| DEPARTMENT AND THE HAMILTON ) | |
| COUNTY JAIL, in their official capacities, ) | |
| the HAMILTON COUNTY SHERIFF'S ) | |
| DEPARTMENT, a political subdivision ) | |
| of Hamilton County, Indiana, and the ) | |
| CARMEL POLICE DEPARTMENT, ) | |
| a political subdivision of Hamilton County, ) | |
| Indiana, JOHN DOE, individually, and ) | |
| CALUMET ASPHALT PAVING ) | |
| COMPANY, employer of JOHN DOE, ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL**

The Plaintiff, Marius Aydanian, by counsel, N. Scott Smith, in support of his Complaint For Damages and Demand for Jury Trial alleges the following:

**JURISDICTION AND VENUE**

1. This action arises under the Constitution of the United States, particularly the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

1

under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343, 1367.

3. Venue is placed in this District because it is where all parties reside and/or where all parties were employed when the events transpired, and because it is where all acts of Defendants complained of by Plaintiff occurred.

## PARTIES

4. Plaintiff realleges and incorporates rhetorical paragraphs numbers 1 through 3 as if fully stated herein.

5. Plaintiff, Marius Aydanian (hereinafter referred to as "Plaintiff"), is and has been at all times relevant to this Complaint a resident of Marion County, Indiana and a citizen of the United States of America.

6. Defendant, Hamilton County Sheriff's Department (hereinafter referred to as "Sheriff's Department"), is a political subdivision of and performs its primary business in Hamilton County, Indiana.

7. Defendant, Carmel Police Department (hereinafter referred to as "Police Department") is a political subdivision of and performs its primary business in Hamilton County, Indiana.

8. Defendant, Sheriff Doug Carter (hereinafter referred to as "Sheriff Carter"), is the duly elected Sheriff of Hamilton County, Indiana.

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

2

    9.    Defendant, Chief Michael Fogarty (hereinafter referred to as ("Chief Fogarty") is the duly appointed Chief of Carmel Police Department.

    10.    Defendants, Sergeant McAllister and Officer McIntyre (hereinafter referred to collectively as "arresting officers"), are or were at all relevant times to this Complaint agents/employees and/or acting officers of Carmel Police Department.

    11.    The other unknown officers and personnel at the Sheriff's Department and Hamilton County Jail (hereinafter referred to collectively as "jail personnel") are or were at all relevant times to this Complaint agents/employees and/or acting officers of the Sheriff's Department.

    12.    Defendant, John Doe is or was an employee of Defendant Calumet Asphalt Paving Company.

    13.    Defendant Calumet Asphalt Paving Company is a corporation with an office is located at 5265 E. 96th Street, Indianapolis, Indiana and which does business in Hamilton County, Indiana.

    14.    Plaintiff has complied with the Notice of Tort Claim for Personal Injury or Property Damage under Indiana Code § 34-13-3, et seq. Plaintiff provided the Notice of Tort Claim for Personal Injury or Property Damage ("Notice") via certified U.S. mail to the Sheriff's Department, Carmel Police Department, Hamilton County Prosecutor's Office, Carmel City Attorney, Carmel Mayor, notice was forwarded to the Hamilton County Attorney, the Indiana Attorney General's Office and the Indiana Political Subdivision Risk Management Commission on or about February 20, 2006, and at least ninety (90) days have passed since that time. While certain Defendants acknowledged

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

receipt of the Notice and denied the same, other Defendants did not respond to the Notice, and therefore Plaintiff's Notice is deemed denied in whole.

## FACTS

15. Plaintiff realleges and incorporates rhetorical paragraphs numbered 1 through 14 above, as if fully stated herein.

16. On August 26, 2005, Plaintiff was involved in an altercation with an unnamed individual ("John Doe") at US 31 and I-465 in Hamilton County, Indiana.

17. Both Plaintiff and John Doe exited their vehicles and John Doe hit Plaintiff in the neck with his fist, which caused Plaintiff substantial pain.

18. Plaintiff and another unnamed individual called 911.

19. After Plaintiff called 9-1-1, the arresting officers responded. The arresting officers, individually or in concert, then proceeded to arrest Plaintiff on preliminary charges of Battery and Intimidation. The sole basis of the arrest were two 911 calls, one of which was made by Plaintiff.

20. John Doe was not arrested and left the scene of the altercation.

21. En route to the Hamilton County Jail, Plaintiff verbally requested medical attention for his neck injury and was told by the arresting officers, either individually or in concert that it would be provided at the Hamilton County Jail.

22. Plaintiff was booked and jailed at the Hamilton County Jail. During the booking process at the Hamilton County Jail, Plaintiff complained to jail personnel and twice requested medical attention for his neck injury.

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

4

23. An unidentified person, representing herself as a nurse, looked at Plaintiff's neck.

24. Plaintiff was incarcerated at the Hamilton County Jail and was not given an initial hearing until August 29, 2006. During his incarceration Plaintiff, twice more requested medical attention from jail personnel for his neck injury, one request was written, the other was verbal.

25. Plaintiff was in constant pain due to his neck injury and received no medical attention other than receiving a few doses of aspirin which were provided by other inmates.

26. Plaintiff was never seen by any medical personnel other than an unidentified nurse during his incarceration at Hamilton County Jail, despite his repeated requests.

27. Plaintiff did not have his initial hearing until August 29, 2005, four (4) days after his initial arrest on August 26, 2005.

28. Upon his release from Hamilton County Jail, Plaintiff was admitted to St. Vincent Hospital where he underwent a CT scan and other tests, and was prescribed the pain killer, Vicodin.

29. Plaintiff was released from the hospital and as a result of his arrest, injury and hospital visit, Plaintiff missed a substantial amount of work and incurred significant medical expenses.

30. The Hamilton County Prosecutor's Office, in a letter dated November 21, 2005, declined to file charges relating to the events of August 26, 2005 against Plaintiff.

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

31. Plaintiff was in the exclusive care and control of the Hamilton County Sheriff's Department and Carmel Police Department during his arrest, transport to Hamilton County Jail and incarceration from August 26, 2005 until August 29, 2005.

## CAUSES OF ACTION

### 42 U.S.C. §1983
### False Arrest/False Imprisonment

32. Plaintiff realleges and incorporates the proceeding rhetorical paragraphs numbered 1 through 31 above, as if fully stated herein.

33. Plaintiff was unlawfully arrested on August 26, 2005, by the arresting officers against his will.

34. The arresting officers, individually or in concert, acted willfully, wantonly, or with reckless disregard, and, without good faith or due diligence as to failing and/or refusing to investigate the incident to confirm Plaintiff had not committed any crime.

35. The arresting officers, individually or in concert, acted willfully, wantonly, or with reckless disregard, and, without good faith or due diligence as to failing and/or refusing to determine whether Plaintiff's injuries required medical attention.

36. The arrest of Plaintiff was unlawful, false, unreasonable, and not performed in good faith or with due diligence.

37. There were facts and circumstances existing at the time of Plaintiff's arrest and imprisonment, including, but not limited to, Plaintiff's 911 call which indicated he was not the proper subject to arrest and had not committed a crime.

38. The arresting officers' refusal to properly investigate the situation after

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

6

their arrival at the scene of the altercation was a purposeful or reckless omission and failure to act.

39. The arresting officers acted unlawfully, unreasonably, with reckless disregard, and without good faith or due diligence by failing to conduct a thorough investigation.

40. Plaintiff was falsely imprisoned by arresting officers, and he was detained and transferred to Hamilton County Jail against his will on August 26, 2005, by one (1) or more of the arresting officers.

41. The initial and continued false imprisonment of Plaintiff was unlawful, without probable cause, false, unreasonable, and not performed in good faith or with due diligence.

42. Chief Fogarty directed, had knowledge of, or consented to, participated in, or negligently failed to prevent or rectify, or thereafter approved and ratified any and all acts of the arresting officers during the course of Plaintiff's false arrest and false imprisonment.

43. A policy or custom of the Carmel Police Department is to not ensure the proper person is arrested during an investigation and to not reprimand officers who commit false arrest.

44. As a direct result of the foregoing policies and/or customs of the Carmel Police Department, Chief Fogarty and the arresting officers, deprived Plaintiff of his federally-protected constitutional rights under the Constitution of the United States of America, 42 U.S.C. § 1983, and his rights under the Indiana State Constitution, and

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

7

Indiana law.

45. Due to the fact that each of these Defendants, individually or in concert, acting under color of state law, violated Plaintiff's federally protected constitutional rights provided in the Fourth, Sixth and Fourteenth Amendments, and 42 U.S.C. § 1983, and his rights under the Indiana Constitution, and Indiana Code, by having falsely arrested and/or falsely imprisoned, by denying an initial probable cause hearing and by unreasonably prolonging his unlawful imprisonment, Plaintiff has suffered damages, including, but not limited to, damages for: loss of income, medical expenses incurred, loss of time, pain and suffering, emotional distress, significant inconvenience, and for reasonable attorney's fees, costs and expenses, and all other just and proper relief in the premises.

**WHEREFORE**, Plaintiff, Marius Aydanian, by counsel, respectfully requests this Court enter judgment against the Defendants for all damages, including, but not limited to, loss of income, medical expenses incurred, loss of time, pain and suffering, emotional distress, significant inconvenience, and for reasonable attorney's fees, costs and expenses, and all other just and proper relief in the premises.

### 42 U.S.C. §1983
### Due Process Violation and
### Prohibition against Cruel and Unusual Punishment

46. Plaintiff realleges and incorporates rhetorical paragraphs numbered 1 through 45 above, as if fully stated herein.

47. Beginning with Plaintiff's arrest on August 26, 2005 and ending at the time of Plaintiff's release from Hamilton County Jail on August 29, 2005, Plaintiff was in

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

8

the exclusive care and control of the Carmel Police Department, arresting officers, Hamilton County Sheriff's Department, and jail personnel (all hereinafter referred to as "governmental entities").

48. On multiple occasions, Plaintiff complained to various governmental entities of serious pain and injury to his neck and neck area.

49. The governmental entities, in whole or in concert were aware of Plaintiff's medical needs.

50. Plaintiff was in severe pain from a serious medical condition requiring medical care and the governmental entities should have easily recognized that Plaintiff needed medical attention.

51. Plaintiff's requests for medical attention were consciously disregarded by various governmental entities. Jail personnel either individually or in concert, deliberately or recklessly ignored and/or refused to provide medical attention to Plaintiff.

52. From August 26, 2005 through August 29, 2005, Plaintiff failed to receive needed medical attention despite his repeated requests for medical care.

53. The deliberate indifference of the governmental entities to Plaintiff's medical condition amounted to punishment of Plaintiff prior to a formal adjudication of Plaintiff's guilt.

54. Plaintiff was denied his initial hearing in order to evade discovery by a judicial officer of, and prolong, his unlawful imprisonment and/or need for medical treatment.

55. Plaintiff's unlawful imprisonment was unreasonably prolonged, was

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

9

continued purposefully, wantonly, with reckless disregard, or negligently continued, without probable cause, good faith, or due diligence.

56. Sheriff Carter directed, had knowledge of, or consented to, participated in, or negligently failed to prevent, or thereafter approved and ratified any and all acts of booking officers and unknown officers and/or personnel of the Sheriff's Department during the course of Plaintiff's unreasonably prolonged unlawful confinement of four (4) days.

57. Chief Fogarty directed, had knowledge of, or consented to, participated in, or negligently failed to prevent, or thereafter approved and ratified any and all acts of arresting officers of the Carmel Police Department in their deliberate indifference to Plaintiff's medical needs.

58. A policy or custom of the Carmel Police Department is to be deliberately indifferent to prisoners' medical needs and to refuse to give medical attention to individuals in their custody who are in need of such care.

59. A policy or custom of the Sheriff's Department is to be deliberately indifferent to prisoners' medical needs and to refuse to give medical attention to individuals in their custody who are in need of such care.

60. As a direct result of the foregoing policies and/or customs of the Sheriff's Department and the Carmel Police Department, Sheriff Carter, Chief Fogarty, arresting and booking officers, and other unknown officers and jail personnel deprived Plaintiff of his federally-protected constitutional rights under the Constitution of the United States of America, 42 U.S.C. § 1983, and his rights under the Indiana State Constitution, and

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

Indiana law.

61. Due to the fact of the governmental entities' deliberate indifference to Plaintiff's serious medical needs, these Defendants, individually or in concert, acting under color of state law, violated Plaintiff's federally protected constitutional rights provided in the Eighth and Fourteenth Amendments, and 42 U.S.C. § 1983, and his rights under the Indiana Constitution, and Indiana Code, by ignoring Plaintiff's request for medical attention and by their deliberate indifference to Plaintiff's serious medical needs, Plaintiff has suffered damages, including, but not limited to, damages for: loss of income, medical expenses incurred, loss of time, pain and suffering, emotional distress, significant inconvenience, punitive damages, and for reasonable attorney's fees, costs and expenses, and all other just and proper relief in the premises.

**WHEREFORE**, Plaintiff, Marius Aydanian, by counsel, respectfully requests this Court enter judgment against the governmental entities for all damages, including, but not limited to, loss of income, medical expenses incurred, loss of time, pain and suffering, emotional distress, significant inconvenience, and for reasonable attorney's fees, costs and expenses, and all other just and proper relief in the premises.

### Negligence

62. Plaintiff realleges and incorporates rhetorical paragraphs numbered 1 through 61 above, as if fully stated herein

63. Because Plaintiff was in the exclusive care and control of these

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

11

governmental entities, an individual relationship arose between Plaintiff and the governmental entities and those governmental entities had a duty to conform their conduct to a certain standard of care arising out of that relationship.

64. The governmental entities breached the duty of care owed to Plaintiff when they refused to give him medical attention and care, even after Plaintiff's repeated requests for such attention and care.

65. The arresting officers and the Carmel Police Department owed a duty to Plaintiff to have probable cause to arrest him.

66. The arresting officers and the Carmel Police Department breached their duty by lacking probable cause and therefore falsely arresting and falsely imprisoning Plaintiff.

67. Plaintiff suffered damages and injury which were proximately caused by those breaches of duty including, but not limited to damages for: loss of income, medical expenses incurred, loss of time, pain and suffering, emotional distress, significant inconvenience, punitive damages, and for reasonable attorney's fees, costs and expenses, and all other just and proper relief in the premises.

**WHEREFORE**, Plaintiff, Marius Aydanian, by counsel, respectfully requests this Court enter judgment against the governmental entities for all damages, including, but not limited to, loss of income, medical expenses incurred, loss of time, pain and suffering, emotional distress, significant inconvenience, punitive damages, and for reasonable attorney's fees, costs and expenses, and all other just and proper relief in

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

the premises.

## Assault and Battery

68.     Plaintiff re-alleges and incorporates the preceding rhetorical paragraphs numbered 1 through 67, as if fully stated herein.

69.     On August 26, 2005, Plaintiff was assaulted and battered by John Doe, an employee with Calumet Asphalt Paving Company ("Calumet").  As a result, Plaintiff suffered injuries to his neck.

70.     By way of John Does' actions, John Doe intentionally caused apprehension of contact in Plaintiff.

71.     By way of John Doe's striking Plaintiff in the neck, John Doe intentionally caused contact with Plaintiff.

72.     John Doe was driving a truck owned by Calumet, a company that has an office at 5265 E. 96th Street, Indianapolis, Indiana, when he assaulted and battered Plaintiff.

73.     Due to the fact that John Doe was acting within the scope of his employment with Calumet when he assaulted and battered Plaintiff, Plaintiff may recover from Calumet under the doctrine of Respondeat Superior.

74.     Plaintiff has suffered damages including, but not limited to, damages for loss of income, medical expenses incurred, loss of time, pain and suffering, emotional distress, significant inconvenience, and attorney's fees, costs and expenses for this action.

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

13

**WHEREFORE**, Plaintiff, Marius Aydanian, by counsel, respectfully requests this Court enter judgment against the Defendant Calumet and Defendant John Doe for loss of income, medical expenses incurred, loss of time, pain and suffering, emotional distress, significant inconvenience, punitive damages, and for reasonable attorney's fees, costs and expenses, and all other just and proper relief in the premises.

### Demand for Jury Trial

Comes now the Plaintiff, Marius Aydanian, by counsel, and respectfully requests, pursuant to Federal Rules of Trial Procedure Rule 38, that the cause and the issues raised by Plaintiff's Complaint be tried before a jury.

Respectfully Submitted,

CAMPBELL KYLE PROFFITT LLP

By: _____
N. Scott Smith
ssmith@ckplaw.com
Attorney No. 25389-49
Attorney for Marius Aydanian

CAMPBELL KYLE PROFFITT LLP
198 S. 9th Street
Noblesville, Indiana 46060
317-773-2090

CAMPBELL KYLE
PROFFITT LLP
ATTORNEYS AT LAW
198 SOUTH 9TH STREET
P.O. BOX 2020
NOBLESVILLE, INDIANA
46061-2020
TELEPHONE NO.
(317) 773-2090

14